**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| IRVING and DENICE TUCKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00457-DGK |
| | ) | |
| ALLSTATE INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO TRANSFER VENUE**

This is an insurance coverage dispute. Plaintiffs Irving and Denice Tucker's property sustained hail and wind damage. Defendant Allstate Indemnity Company allegedly refused to pay Plaintiffs the repair costs under a policy it had issued them. Plaintiffs then filed a two-count lawsuit in the Circuit Court of Jackson County, Missouri. Defendant removed here based on diversity jurisdiction.

Now before the Court is Defendant's motion to transfer under 28 U.S.C. § 1404(a). ECF No. 10. Defendant seeks to transfer this case to the United States District Court for the Eastern District of Missouri. Plaintiff opposes the motion.

For the reasons discussed below, the motion to transfer venue is GRANTED. The Clerk of the Court is directed to TRANSFER this case to the United States District Court for the Eastern District of Missouri.

**Background**

Defendant issued Plaintiffs a homeowner's policy. On August 26, 2025, Plaintiffs' property suffered damage from a severe storm that produced hail and strong winds. Defendant allegedly failed to pay the full cost to repair or replace the damaged parts of Plaintiffs' property.

Plaintiffs' property is in St. Louis, Missouri. Defendant is an Illinois-based corporation. Plaintiffs' counsel has an office in the Western District of Missouri. But there are no other connections to the Western District of Missouri.

On April 21, 2026, Plaintiffs filed a two-count lawsuit in the Circuit Court of Jackson County, Missouri, alleging claims for breach of contract and vexatious refusal to pay. Defendant removed here based on diversity jurisdiction.

**Standard**

In determining whether to transfer venue, the Court considers "the convenience of parties and witnesses" and the "interest of justice" when deciding whether to "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This determination requires a "case-by-case evaluation of the particular circumstances at hand." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (citations omitted). A change of venue is within the discretion of the district court and should not be freely granted. *Id.*

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer under section 1404(a) typically bears the burden of proving that transfer is warranted." *Id.* at 695. In making its determination, the court weighs a variety of factors, including the convenience of the parties; the convenience of the witnesses; the availability of the judicial process to compel the attendance of unwilling witnesses; governing law; ease of access to sources of proof; the possibility of delay or prejudice if the transfer is granted; and practical considerations determining where the case can be tried more expeditiously and inexpensively. *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). Only where the balance of relevant factors weighs strongly in favor of the movant should the motion to transfer be granted. *Id.*

## Discussion

The threshold question in deciding a motion to transfer venue is whether the proposed forum is one where Plaintiff could have filed the case. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Here, Plaintiff could have filed this suit in the Eastern District of Missouri because the events or omissions giving rise to this lawsuit occurred there. Thus, the Court addresses the remaining transfer factors in turn below.

### I. The convenience factors favor transfer.

The Court must consider the following factors when deciding whether to grant a motion to change venue under § 1404:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l, Inc.*, 119 F.3d at 696. A review of these factors shows that, on balance, transfer will significantly increase the convenience for the parties and witnesses. No party or witness has any connection to the Western District of Missouri, but Plaintiffs and some of the witnesses reside in the Eastern District of Missouri. And since the witnesses reside in that district, it is also feasible for that court to subpoena them. The events giving rise to the lawsuit also predominantly occurred in the Eastern District of Missouri, while none of them occurred here. So aside from Plaintiffs' counsel having an office in this district, there is no meaningful connection here. On the other hand, the Eastern District of Missouri is far more convenient for the parties and the witnesses. And the remaining factors are, at best, neutral. Thus, the convenience considerations tilt heavily towards transferring this case.

## II. The interest of justice factors favor transfer.

Next, the Court turns to an analysis of the interest of justice factors. In determining whether transfer serves "the interest of justice," the Court looks to:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l, Inc.*, 119 F.3d at 696.

The applicable interest-of-justice factors favor transfer. Although Plaintiffs' choice of forum typically weighs against transfer, that is not the case here since they do not reside here and the event giving rise to the dispute did not occur here. See *Dairy Farmers of Am., Inc. v. Westrock Coffee Co.*, No. 6:24-CV-03332-BCW, 2025 WL 3779035, at *2 (W.D. Mo. July 1, 2025). On the costs, it would be more costly to litigate the case here where no parties are located and only one attorney. On the other hand, the Eastern District of Missouri is where one party is located and some witnesses. Thus, these factors favor transfer. Since the convenience factors strongly favor transfer and the interest of justice factors favor transfer, the Court finds that this case should be transferred to the Eastern District of Missouri.

## Conclusion

For the reasons discussed above, the motion to transfer venue is GRANTED. The Clerk of the Court is directed to TRANSFER this case to the United States District Court for the Eastern District of Missouri.

**IT IS SO ORDERED.**

Date: August 14, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT